Sealed

Public and unofficial. All access
to this instrument are
prohibited by court order.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**UNSEALED PER ORDER**

of 6-22-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-426S |
| | § | |
| UMAWA OKE IMO, and | § | 18 U.S.C. §2 |
| GODWIN CHIEDO NZEOCHA, and | § | 18 U.S.C. §1341 |
| KENNETH IBEZIM ANOKAM, and | § | 18 U.S.C. §1347 |
| JOANN MICHELLE WHITE, and | § | 18 U.S.C. §1349 |
| THADDEDUS WILLIAM HUME. | § | 18 U.S.C. §1957 |
| Defendants | § | |
| | § | |

United States Courts
Southern District of Texas
FILED

OCT 1 9 2009

Michael N. Milby, Clerk

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE
### Conspiracy- Title 18 U.S.C. § 1349

### A. INTRODUCTION

At all times material to this indictment:

1.     Title 18, United States Code, Section 24(b) defines a health care benefit program as any public or private plan or contract, affecting commerce, under which any medical benefit, item or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item or service for which payment may be made under the plan or contract.

1

## THE MEDICARE PROGRAM

2.    The Medicare Program ("Medicare"), also known as the Federal Health Insurance for the Aged and Disabled Program, was created by Title XVIII of the Social Security Act in 1965. Medicare is a health care benefit program as defined in Title 18, United States Code, Section 24(b). Medicare is comprised of four parts; however only Medicare Part B is applicable to this case. Medicare Part B, is a voluntary insurance program that is financed by premiums paid by enrollees and funds appropriated by the Federal Government via payroll taxes. The United States Department of Health and Human Services ("HHS") administers the Medicare program through the Centers for Medicare and Medicaid Services ("CMS"). CMS has contracted with Trailblazer Health Enterprises L.L.C. ("Trailblazer") to administer the Medicare program in Texas.

3.    Individuals with Medicare Part B are entitled, subject to certain conditions and requirements, to have payments made on their behalf for covered medical and health services. Outpatient physical therapy is a covered expense when it is reasonable and necessary for the diagnosis or treatment of illness or injury, or to improve the functioning of a malformed body member. The physical therapy must be furnished by a qualified physical therapist, or an appropriately supervised physical therapist assistant, to a beneficiary who is under the care of a physician, with a written plan of treatment. If the physical therapy is furnished by or incident

to the service of a physician or nurse practitioner, the physician or nurse practitioner must be able to perform physical therapy services under state law, and if anyone other than the physician or nurse practitioner actually performs the physical therapy, that person must meet the standards and conditions that apply to physical therapy and physical therapists, except that a license to practice therapy is not required.

4.     To receive payment for outpatient physical therapy services, a written request for payment is filed by or on behalf of the individual to whom the services were furnished, and a physician must certify that the individual needs, or needed physical therapy; that the physical therapy was furnished while the individual was under the care of a physician, nurse practitioner, clinical nurse specialist, or physician assistant; and that the physical therapy was furnished under a plan of treatment.

5.     Subject to a few exceptions, Medicare makes payments for covered services to the providers of the services rather than to the beneficiaries. Only providers who are enrolled in the Medicare program and have a valid billing number receive payment for covered Medicare benefits.

6.     It is the obligation of any person who furnishes or orders health care services that may be reimbursed under the Medicare or Medicaid programs to ensure, to the

extent of his or her authority, that those services are provided economically and only when, and to the extent, medically necessary.

## THE MEDICAID PROGRAM

7.    The Texas Medicaid Program ("Medicaid") is a joint federal-state entitlement program that was implemented in 1967 under the provisions of Title XIX of the Social Security Act of 1965. Medicaid provides medical benefits to eligible needy families, pregnant women, children, disabled individuals and individuals over 65 years of age with limited income. The Texas Health and Human Services Commission ("HHSC") is the single state agency with oversight responsibility for the Medicaid program in Texas. HHSC has contracted with Texas Medicaid and Healthcare Partnership ("TMHP") to administrator Medicaid in Texas.

8.    If a Medicaid recipient is eligible for Medicare coverage, Medicaid pays the recipient's Medicare deductible and coinsurance liabilities, subject to program limitations, as a secondary insurance.

9.    Medicaid covers physical therapy services prescribed by a physician that are reasonable and medically necessary, and that are expected to improve a patient's condition. Services related to the general good and welfare of patients, such as general exercises to promote overall fitness and flexibility, and activities to provide diversion or general motivation, are not reimbursable. Repetitive services that are

designed to maintain function once the maximum level of improvement has been reached are not a covered benefit.

10. Medicaid beneficiaries are not paid directly for services provided through the Medicaid program; rather, payments are made to eligible providers on behalf of the beneficiaries for authorized benefits. Payments are only made for services that are medically necessary and prescribed by a physician. All providers and persons participating in the Medicaid program are charged with knowledge of the federal and state law that governs Medicaid. Providers are responsible for their own actions and omissions, as well as the actions and omissions of the provider's employees, contractors, and agents, and the licenses and certifications of all individuals providing services in the provider's office or operation.

## **THE DEFENDANTS**

11. UMAWA OKE IMO (hereinafter "IMO"), also known as UMA IKEOGU IMO and YOUMY UMAWA IMO, defendant herein, was owner, director, administrator and registered agent of CITY NURSING SERVICES OF TEXAS, INC., (hereinafter "CITY NURSING") which operated in Houston, Texas.

12. GODWIN CHIEDO NZEOCHA (hereinafter "NZEOCHA") was employed by CITY NURSING and was a person in charge at CITY NURSING.

13. KENNETH IBEZIM ANOKAM (hereinafter "ANOKAM") was employed by CITY NURSING and was a person in charge at CITY NURSING.

14.     JOANN MICHELLE WHITE (hereinafter "WHITE") was employed by CITY NURSING.

15.     THADDEUS WILLIAM HUME (hereinafter "HUME") was a physician paid by CITY NURSING.

16.     CITY NURSING is a clinic located at 9888 Bissonnet Street, Suite 285, Houston, Texas 77036 that purported to provide physical therapy.

## B. **THE CONSPIRACY**

17.     Beginning on or about March 2, 2006, the exact time unknown to the Grand Jury, and continuing thereafter to on or about June 26, 2009, in the Houston Division of the Southern District of Texas and elsewhere,

**UMAWA OKE IMO,**
**GODWIN CHIEDO NZEOCHA,**
**KENNETH IBEZIM ANOKAM,**
**JOANN MICHELLE WHITE,**
**and**
**THADDEUS WILLIAM HUME,**

defendants herein, did knowingly and willfully, combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, namely to execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely the Medicare and Medicaid programs, and to obtain money owned by and under the custody and control of Medicare and Medicaid by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for

health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## C. <u>OBJECT OF THE CONSPIRACY</u>

18.   It was the object of the conspiracy to unlawfully enrich Defendants, and others known and unknown to the Grand Jury, by submitting and causing to be submitted false and fraudulent claims for payment to Medicare and Medicaid, for physical therapy services that were not provided to patients, and physical therapy services that were not provided by licensed or qualified physical therapists.

## D. <u>MANNER AND MEANS</u>

The manner and means of the conspiracy included, but were not limited to, the following:

19.   Defendant IMO would and did apply for both a Medicare and a Medicaid provider number to allow him to submit claims for payment to Medicare and Medicaid.

20.   Defendant IMO would and did open bank accounts in the name of CITY NURSING at multiple banks in order to receive payments from Medicare and Medicaid.

21.   Defendant IMO would and did sign EFT authorization agreements with Medicare and Medicaid allowing the direct deposit of Medicare and Medicaid payments to CITY NURSING accounts at various banks.

22.    Defendant IMO would and did fail to employ any licensed physical therapists to perform physical therapy services and to supervise any physical therapy assistants or physical therapy aides at CITY NURSING.

23.    Defendant IMO would and did pay and cause to be paid money to Medicare patients who complained about CITY NURSING billing for services not provided.

24.    Defendant NZEOCHA would and did sign patient documents to reflect the provision of physical therapy services that he did not provide, and that were not provided at CITY NURSING.

25.    Defendant ANOKAM would and did create patient documents to reflect physical therapy services that were not provided at CITY NURSING.

26.    Defendant WHITE would and did give patients documents to sign to reflect physical therapy services that were not provided at CITY NURSING.

27.    Defendant HUME would and did submit an application to Medicare reassigning Medicare payments to CITY NURSING.

28.    Defendant HUME would and did fail to visit or attend the premises of CITY NURSING on more than one occasion.

29.    Defendant HUME would and did fail to perform any physical therapy services or supervise any physical therapy services at CITY NURSING.

30.     Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did create, and cause to be created, false and fraudulent patient files reflecting physical therapy services that were not provided at CITY NURSING.

31.     Defendants IMO, NZEOCHA, and ANOKAM would and did pay, and cause to be paid, money to recruiters and marketers who brought Medicare patients to CITY NURSING.

32.     Defendants IMO, NZEOCHA, ANOKAM, and WHITE would and did pay, and cause to be paid, money to Medicare patients who signed documents for physical therapy services that were not rendered at CITY NURSING.

33.     Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did submit, and cause to be submitted, to Medicare and Medicaid, false and fraudulent claims for payment for physical therapy services that were:

> 1) Not actually provided to patients; and
>
> 2) Not provided by licensed or qualified physical therapists; and
>
> 3) Not provided by appropriately supervised physical therapy assistants and physical therapy aides.

34.     Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did bill, and cause to be billed, through CITY NURSING, the Medicare program for approximately $42,308,899.00 from on or about January 1, 2007 through to on or about April 30, 2009.

35.    Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did receive payment, and cause Medicare to pay CITY NURSING approximately $27,159,013.07 from on or about January 1, 2007 through to on or about April 30, 2009.

36.    Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did receive payment, and cause Medicaid to pay CITY NURSING approximately $2,934,382.18 from on or about February 1, 2008 through to on or about March 6, 2009.

37.    Defendants IMO, NZEOCHA, ANOKAM, WHITE, and HUME would and did bill, and cause to be billed, through CITY NURSING, the Medicare program for an additional amount of at least $2,731,024.00 from on or about December 31, 2008 through to on or about June 5, 2009, that was not paid by Medicare or Medicaid.

## E. **OVERT ACTS**

38.    In furtherance of the conspiracy and to effect the objects thereof, the defendants performed and caused to be performed, among others, the overt acts set forth in Counts Two through Forty of this Indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FORTY

### Health Care Fraud under 18 U.S.C. §§ 1347 and 2

### A. INTRODUCTION

1.    The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 through 16 of Count One above.

### B. THE SCHEME TO DEFRAUD

2.    Beginning on or about March 2, 2006, the exact time unknown to the Grand Jury, and continuing thereafter to on or about June 26, 2009, in the Houston Division of the Southern District of Texas and elsewhere,

**UMAWA OKE IMO,
GODWIN CHIEDO NZEOCHA,
KENNETH IBEZIM ANOKAM,
JOANN MICHELLE WHITE,
and
THADDEUS WILLIAM HUME,**

defendants herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully, execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely the Medicare and Medicaid Programs, and to obtain money owned by and under the custody and control of Medicare and Medicaid by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services.

## C.  PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

3.     It was the purpose of the scheme and artifice to defraud, and to obtain money from the Medicare and Medicaid Programs by submitting false and fraudulent claims for payment to Medicare and Medicaid, for physical therapy services that were not provided to patients, and physical therapy services that were not provided by licensed or qualified physical therapists.

## D.  MANNER AND MEANS OF THE
## SCHEME AND ARTIFICE TO DEFRAUD

4.     The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, the Manner and Means alleged in paragraphs 19 through 37 of Count One of the Indictment.

## E.  EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

5.     Beginning on or about March 2, 2006, the exact time unknown to the Grand Jury, and continuing thereafter to on or about June 26, 2009, in the Houston Division of the Southern District of Texas and elsewhere, on or about the dates listed below,

**UMAWA OKE IMO,**
**GODWIN CHIEDO NZEOCHA,**
**KENNETH IBEZIM ANOKAM,**
**JOANN MICHELLE WHITE,**
**and**
**THADDEUS WILLIAM HUME,**

defendants herein, along with others known and unknown to the Grand Jury, executed and attempted to execute the aforesaid described scheme and artifice to defraud by submitting, and causing to be submitted, false and fraudulent claims to Medicare and Medicaid for payment as set forth in the counts below.

| COUNT | Name | Claim Number: Medicare Medicaid | Alleged Date of Service | Date Claim Received: Medicare and Medicaid | Amount Billed | Approx. Amounts Paid: Medicare and Medicaid | Nature of Falsity, Included but Not Limited to: |
|---|---|---|---|---|---|---|---|
| 2 | M. J. | 452808268716940 (Medicare) 200828365921611 (Medicaid) | 09-09-2008 | 09-24-2008 10-09-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| 3 | M. J. | 452808268716950 (Medicare) 200828365924461 (Medicaid) | 09-11-2008 | 09-24-2008 10-09-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| 4 | M. J. | 452208283469270 (Medicare) 200829870786017 (Medicaid) | 09-23-2008 | 10-09-2008 10-24-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| 5 | M.R. | 452908115458430 (Medicare) 200813129708313 (Medicaid) | 04-18-2008 | 04-24-2008 05-10-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| 6 | M.R. | 452208121410430 (Medicare) 200813630755179 (Medicaid) | 04-21-2008 | 04-30-2008 05-15-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| 7 | M.R. | 452208121410440 (Medicare) 200813630758002 (Medicaid) | 04-23-2008 | 04-30-2008 05-15-2008 | $372.00 | $272.07 $68.01 | No physical therapy |
| | | | | | | | |

| 8 | F.W. | 452208142205650 (Medicare) | 03-12-2008 | 03-21-2008 | $372.00 | $272.07 | No physical therapy |
|---|------|----------------------------|------------|------------|---------|---------|------|
|   |      | 200815834899038 (Medicaid) |            | 06-06-2008 |         | $68.01  |      |
| 9 | F.W. | 452908350158430 (Medicare) | 10-27-2008 | 12-15-2008 | $372.00 | $272.07 | No physical therapy |
|   |      | 200900693515718 (Medicaid) |            | 01-06-2009 |         | $68.01  |      |
| 10 | F.W. | 452208357222730 (Medicare) | 11-07-2008 | 12-22-2008 | $372.00 | $272.07 | No physical therapy |
|    |      | 200900693583021 (Medicaid) |            | 01-06-2009 |         | $68.01  |      |
| 11 | W. E. | 452208295173840 (Medicare) | 10-17-2008 | 10-21-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200831074341281 (Medicaid) |            | 11-05-2008 |         | $68.01  |      |
| 12 | W. E. | 452208302548120 (Medicare) | 10-20-2008 | 10-28-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200831776787563 (Medicaid) |            | 11-12-2008 |         | $68.01  |      |
| 13 | W. E. | 452208302548130 (Medicare) | 10-22-2008 | 10-28-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200831776818032 (Medicaid) |            | 11-12-2008 |         | $68.01  |      |
| 14 | C. G. | 452208056058310 (Medicare) | 01-31-2008 | 02-25-2008 | $372.00 | $272.07 | No physical therapy |
| 15 | C. G. | 452908080504400 (Medicare) | 03-12-2008 | 03-20-2008 | $372.00 | $272.07 | No physical therapy |
| 16 | C. G. | 452908080504410 (Medicare) | 03-14-2008 | 03-20-2008 | $372.00 | $272.07 | No physical therapy |
| 17 | E. J. | 452208141971400 (Medicare) | 04-16-2008 | 05-20-2008 | $244.00 | $179.49 | No physical therapy |
| 18 | E. J. | 452208141801890 (Medicare) | 05-05-2008 | 05-20-2008 | $372.00 | $272.07 | No physical therapy |
|    |       |                            |            |            |         |         |      |

14

| 19 | E. J. | 452808268722140 (Medicare) | 09-01-2008 | 09-24-2008 | $372.00 | $272.07 | No physical therapy |
|----|-------|------|------|------|------|------|------|
| 20 | A. J. | 452208141972230 (Medicare) | 04-16-2008 | 05-20-2008 | $244.00 | $179.49 | No physical therapy |
|    |       | 200815834900366 (Medicaid) |  | 06-06-2008 |  | $44.87 |  |
| 21 | A. J. | 452208141804130 (Medicare) | 05-05-2008 | 05-20-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200815634242230 (Medicaid) |  | 06-04-2008 |  | $68.01 |  |
| 22 | A. J. | 452808268724820 (Medicare) | 09-01-2008 | 09-24-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200828365823266 (Medicaid) |  | 10-09-2008 |  | $68.01 |  |
| 23 | L.K. | 452908239619840 (Medicare) | 08-22-2008 | 08-26-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200825454101155 (Medicaid) |  | 09-10-2008 |  | $68.01 |  |
| 24 | L.K. | 452208302546000 (Medicare) | 10-22-2008 | 10-28-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200831776800345 (Medicaid) |  | 11-12-2008 |  | $68.01 |  |
| 25 | L.K. | 452208364759910 (Medicare) | 12-01-2008 | 12-29-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200901394038079 (Medicaid) |  | 01-13-2009 |  | $68.01 |  |
| 26 | C.M. | 452208141971300 (Medicare) | 03-26-2008 | 05-20-2008 | $244.00 | $179.49 | No physical therapy |
|    |       | 200815834897437 (Medicaid) |  | 06-06-2008 |  | $44.87 |  |
| 27 | C.M. | 452208232185680 (Medicare) | 08-13-2008 | 08-19-2008 | $372.00 | $272.07 | No physical therapy |
|    |       | 200824652348753 (Medicaid) |  | 09-02-2008 |  | $68.01 |  |
|    |       |      |      |      |      |      |      |

| 28 | C.M. | 452208283476860 (Medicare)<br><br>200829870770563 (Medicaid) | 10-01-2008 | 10-09-2008<br><br>10-24-2008 | $372.00 | $272.07<br><br>$68.01 | No physical therapy |
| 29 | S.W | 452809063199100 (Medicare)<br><br>200907810826628 (Medicaid) | 02/27/2009 | 03/13/2009<br><br>03/27/2009 | $310.00 | $232.91<br><br>$58.23 | No physical therapy |
| 30 | S.W. | 452209065854080 (Medicare)<br><br>200908211689603 (Medicaid) | 03/06/2009 | 03/13/2009<br><br>04/03/2009 | $310.00 | $232.91<br><br>$58.23 | No physical therapy |
| 31 | H.E. | 452209049031040 (Medicare)<br><br>200906407156468 (Medicaid) | 02/18/2009 | 02/27/2009<br><br>03/13/09 | $372.00 | $279.42<br>$69.86 | No physical therapy |
| 32 | H.E. | 452909051003100 (Medicare)<br><br>200906607930551 (Medicaid) | 02/20/2009 | 02/27/2009<br><br>03/20/2009 | $372.00 | $279.42<br>$69.86 | No physical therapy |
| 33 | R.B. | 452209049040240 (Medicare) | 02/18/2009 | 02/27/2009 | $372.00 | $186.40 | No physical therapy |
| 34 | R.B. | 452909051008770 (Medicare) | 02/20/2009 | 02/27/2009 | $372.00 | $186.40 | No physical therapy |
| 35 | T.D. | 452209049038440 (Medicare) | 02/18/2009 | 02/27/2009 | $372.00 | $279.42 | No physical therapy |
| 36 | T.D. | 452909051007750<br>452209062012550 (Medicare) | 02/20/2009 | 02/27/2009<br>03/06/2009 | $372.00 | $279.42 | No physical therapy |
| 37 | C.D. | 452909065278970 (Medicare) | 03/04/2009 | 03/13/2009 | $372.00 | $279.42 | No physical therapy |
| 38 | C.D. | 452209065855900 (Medicare) | 03/06/2009 | 03/13/2009 | $372.00 | $279.42 | No physical therapy |
| 39 | J. McD | 452209065854460 (Medicare) | 02/20/2009 | 02/27/2009 | $372.00 | $279.42 | No physical therapy |

| 40 | J. McD | 452909051007650 (Medicare) | 03/06/2009 | 03/13/2009 | $372.00 | $279.42 | No physical therapy |
|----|--------|---------------------------|------------|------------|---------|---------|---------------------|

All in violation of Title 18 United States Code, Sections 1347 and 2.

## COUNTS FORTY-ONE THROUGH FORTY-THREE

### Mail fraud under 18 U.S.C. §1341

### A. INTRODUCTION

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 through 16 of Count One above.

### B. THE SCHEME AND ARTIFICE TO DEFRAUD

2.      Beginning on or about March 2, 2006, the exact time unknown to the Grand Jury, and continuing thereafter to on or about June 26, 2009, in the Houston Division of the Southern District of Texas and elsewhere,

**UMAWA OKE IMO,**
**GODWIN CHIEDO NZEOCHA,**
**KENNETH IBEZIM ANOKAM,**
**and**
**JOANN MICHELLE WHITE,**

defendants herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud a health care benefit program, namely the Medicare and Medicaid Programs, and to obtain money owned by and under the custody and control of Medicare and

Medicaid by means of false and fraudulent pretenses, representations, and promises.

## C. <u>PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD</u>

3.　　It was the purpose of the scheme and artifice to defraud, to obtain money from the Medicare and Medicaid Programs by submitting false and fraudulent claims for payment for physical therapy services that were not provided to patients, and physical therapy services that were not provided by licensed or qualified physical therapists.

## D. <u>MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD</u>

4.　　The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, the Manner and Means alleged in paragraphs 19 through 37 of Count One above.

5.　　Defendant IMO would and did sign an EFT Authorization Agreement on or about May 1, 2007, directing TMHP to make Medicaid payments to a Regions Bank Account in the name of CITY NURSING and ending in *7489.

6.　　Defendant IMO would and did open a Bank account on or about July 31, 2007, in the name of CITY NURSING at Comerica Bank and ending in *4522.

7.　　Defendant IMO would and did fail to notify TMHP to deposit Medicaid payments into the Comerica Bank account ending in *4522.

8.     Defendant IMO would and did cause TMHP, after EFT Medicaid payments were denied by Regions Bank, to send Medicaid payment checks through the United States Postal Service, for delivery to CITY NURSING, and  until such time as an EFT Authorization Agreement directing TMHP to make Medicaid payments to Comerica Bank account ending in *4522 was submitted, and until such time as TMHP established EFT Medicaid payments to Comerica Bank account ending in *4522.

11.     Defendant IMO would and did receive Medicaid payment checks from TMHP through the United States Postal Service after EFT Medicaid payments were denied by Regions Bank, and until such time as Defendant completed an EFT Authorization Agreement directing TMHP to make Medicaid payments to Comerica Bank account ending in *4522, and until such time as TMHP established EFT Medicaid payments to Comerica Bank account ending in *4522.

## E. **EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD**

14.     On or about the dates set forth in the counts below, the exact time unknown to the Grand Jury,

**UMAWA OKE IMO,**
**GODWIN CHIEDO NZEOCHA,**
**KENNETH IBEZIM ANOKAM,**
**and**
**JOANN MICHELLE WHITE,**

defendants, herein, for the purpose of executing and attempted to execute the aforesaid described scheme and artifice to defraud the Medicare and Medicaid Programs, did knowingly cause TMHP to place in the mail the following items, to be sent, delivered, and moved by the United States Postal Service:

| Count | Check Number | Date Mailed | Mailed from | Mailed to | Description |
|-------|--------------|-------------|-------------|-----------|-------------|
| 41 | 029629507 | 03/21/08 | Dallas, Texas | Houston, Texas | Medicaid payment for $84,873.18 |
| 42 | 029696301 | 04/04/08 | Dallas, Texas | Houston, Texas | Medicaid payment for $54,203.07 |
| 43 | 029929320 | 05/23/08 | Dallas, Texas | Houston, Texas | Medicaid payment for $41,372.30 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS FORTY-FOUR THROUGH FORTY-EIGHT
### Money Laundering under 18 U.S.C. §1957

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 through 11, of Count One above.

2.      On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere,

### UMAWA OKE IMO,

defendant herein, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, each in criminally derived property of a value greater than

$10,000, such property having been derived from a specified unlawful activity, that is a health care fraud violation of Title 18, United States Code, Section 1347.

| Count | Date | Check | Financial transaction |
|-------|------|-------|----------------------|
| 44 | 04/17/2008 | 3303 | Check for $1,008,000.00 signed by Umawa Imo, payable to Umawa Imo from City Nursing Services of Texas Comerica account *4522 for "deposit" deposited into Comerica account *1618 in the name of Umawa O Imo |
| 45 | 07/15/2008 | 3495 | Check for $109,000.00 signed by Umawa Imo, payable to Godwin Nzeocha from City Nursing Services of Texas Comerica account *4522 for "referral" |
| 46 | 03/05/2009 | 3756 | Check for $550,000.00 signed by Umawa Imo, payable to Sufo Capital Equipment, LLC from City Nursing Services of Texas Comerica account *4522 for "Cost of 50 Tanks ½ payment" |
| 47 | 03/12/2009 | 3772 | Check for $438,195.00 signed by Umawa Imo, payable to Texas Best Diesel from City Nursing Services of Texas Comerica account *4522 for "Shipping eighty trucks to Lagos" |
| 48 | 03/23/2009 | 3787 | Check for $700,000.00 signed by Umawa Imo, payable to Sufo Capital Equipment, LLC from City Nursing Services of Texas Comerica account *4522 for "purchase of tanks" |

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNTS FORTY-NINE THROUGH FIFTY-ONE
### Money Laundering under 18 U.S.C. §1957

1.     The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 through 10, and 12 of Count One above.

2.     On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere,

**GODWIN CHIEDO NZEOCHA,**

defendant herein, did knowingly engage and attempt to engage in the following

monetary transactions by, through, or to a financial institution, affecting interstate

or foreign commerce, each in criminally derived property of a value greater than

$10,000, such property having been derived from a specified unlawful activity, that

is a health care fraud violation of Title 18, United States Code, Section 1347.

| Count | Date | Deposit Reference Number | Financial transaction |
|---|---|---|---|
| 49 | 06/30/2008 | 691428963 | Deposit of City Nursing Check number 3457 in the amount of $31,900.00 |
| 50 | 07/11/2008 | 695370358 | Deposit of City Nursing Check number 3482 in the amount of $45,000.00 |
| 51 | 07/15/2008 | 692357955 | Deposit of City Nursing Account Check numbers 3497 and 3495 in the total amount of $139,000.00 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the

commission of a violation of Title 18, United States Code, Sections 1341, 1347

and 1349, the United States gives notice to,

**UMAWA OKE IMO,**
**GODWIN CHIEDO NZEOCHA,**
**KENNETH IBEZIM ANOKAM,**
**JOANN MICHELLE WHITE,**
**and**

## THADDEUS WILLIAM HUME

defendants herein, that in the event of conviction of the offenses charged in Counts 1 through 43 of this indictment, the United States intends to forfeit all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of these offenses, including, but not limited to the following property:

a. Approximately $31 million in United States dollars, or a money judgment equal to that amount, for which Defendants may be jointly and severally liable;

b. $34,000.00 seized on or about June 30, 2009, from a Comerica bank account held in the name of City Nursing Services, Inc.;

c. $122,998.78 seized on or about June 30, 2009, from a Comerica bank account held in the name of City Nursing Services, Inc.;

d. $103,496.69 seized on or about June 30, 2009, from a Comerica bank account held in the name of Umawa O. Imo.;

e. $13,698.63 seized on or about June 30, 2009, from a Comerica bank account held in the name of Umawa O. Imo.;

f. $7,762.13 seized on or about June 30, 2009, from a Comerica bank account held in the name of Umawa O. Imo.;

g. $112,502.50 seized on or about July 2, 2009, from third-party Texas Best Diesel and which originated from a payment made by City Nursing Services of Texas Inc.;

h. Forty-four tankers seized on or about July 16, 2009, from a lot at 3639 Mesa Drive, Houston, Texas; and

i. Real Property in the name of Umawa O. Imo and all improvements, buildings, structures and appurtenances located in Richmond, Texas and further described as:

> Lakemont Cove subdivision, Section 2, Block 1, Lot 20, Fort Bend County, Texas.

## NOTICE OF FORFEITURE

### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of a violation of Title 18, United States Code, Section 1957, the United States gives notice to,

### UMAWA OKE IMO,

defendant herein, that in the event of conviction of the offenses charged in Counts 44 to 48, the United States intends to forfeit all property, real or personal, involved in such offenses or traceable to such property, including but not limited to:

Count 44:    $1,008,000.00

Count 45:     $109,000.00

Count 46:     $550,000.00

Count 47:     $438,195.00

Count 48:     $700,000.00

or a money judgment equal to each of those amounts.

## NOTICE OF FORFEITURE

### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of a violation of Title 18, United States Code, Section 1957, the United States gives notice to,

### GODWIN CHIEDO NZEOCHA,

defendant herein, that in the event of conviction of the offenses charged in Counts 49 to 51, the United States intends to forfeit all property, real or personal, involved in such offenses or traceable to such property, including but not limited to:

Count 49:     $31,900.00

Count 50:     $45,000.00

Count 51:     $139,000.00

or a money judgment equal to each of those amounts.

## **SUBSTITUTE ASSETS**

In the event that property subject to forfeiture, as a result of any act or omission of the defendants:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON

TIM JOHNSON
UNITED STATES ATTORNEY

By: _____
JULIE M. REDLINGER
SPECIAL ASSISTANT UNITED STATES ATTORNEY
713-567-9779